[Civ. No. 1262.    Third Appellate District.—June 3, 1914.]

## MATTIE E. DAVIDSON, Petitioner, v. EUGENE D. GRAHAM, as County Clerk, Respondent.

MANDAMUS—COMPELLING CLERK TO ENTER DEFAULT—SUFFICIENCY OF PETITION FOR WRIT.—To justify the issuance of a writ of mandate to compel the county clerk to enter the default of the defendant in a civil action, it must be shown by the petition for the writ that no answer has been filed within the statutory time, or such further time as may have been granted, and that the plaintiff in the cause has made application for the default.

ID.—STIPULATION WAIVING DEMURRER—REFUSAL TO ENTER DEFAULT.— *Mandamus* will not issue to compel the county clerk to enter the default of the defendant in a civil action for failure to answer the complaint within the time specified in a stipulation waiving a demurrer to the complaint, when the stipulation is signed by the clerk of the defendant's attorney, and the petition for the writ does not allege that the clerk had authority to sign or that the defendant entered into the stipulation.

ID.—WAIVER OF DEMURRER—WHETHER MAY BE ACCOMPLISHED.—There is no statutory provision for waiving a demurrer that has been filed in a cause. To effectually dispose of it, it is probable that an order of court is required sustaining or overruling it or allowing it to be withdrawn.

APPLICATION for a Writ of Mandate to be directed to Eugene D. Graham, Clerk of San Joaquin County.

The facts are stated in the opinion of the court.

Webster, Webster & Blewitt, for Petitioner.

A. H. Carpenter, and Walter F. Lynch, for Respondent.

BURNETT, J.—This is an application for a writ of mandate to compel the clerk of San Joaquin County to enter the default of one A. T. Karry for his failure to answer in a certain action brought against him by said Mattie E. Davidson in the superior court of said county.

The petition herein sets out the complaint in said action, alleges that it was filed, that summons was issued and served upon said Karry, that he appeared and filed a demurrer, which is exhibited. "That thereafter on the 18th day of August, 1913, there was entered into and filed in said action a stipulation in the words and figures as follows, to wit: (Title of court and cause.)

" 'It is hereby stipulated and agreed that no default shall be taken against the defendant, A. T. Karry, he waiving his demurrer, and that the said defendant, A. T. Karry, shall have to and inclusive of September 15th, 1913, in the which to file and serve his answer on the merits.

Dated this 18th day of August, 1913.

WEBSTER, WEBSTER & BLEWETT,

Attorneys for Plaintiff.

A. H. CARPENTER,

Attorney for Defendant, A. T. Karry.

By Walter F. Lynch, Clerk.' "

That on December 1, 1913, the plaintiff filed with the clerk her demand for the entry of Karry's default and tendered the legal fee for the same, that the demand was refused, that thereafter upon notice given, a motion was made in the said superior court for judgment against said Karry on the ground that he had suffered default, but that the motion was denied without prejudice, and that, on December 16, defendant Karry filed a demurrer in said action, which is set out.

The claim is that it was the clear, ministerial duty of the clerk to enter the default at the time the said demand was made, and, therefore, that section 1085 of the Code of Civil Procedure as to mandate applies.

It is further contended that the law which "specially enjoins" that duty is found in section 585 of the said code,

which it is sufficient to quote as follows: "Judgment may be had, if the defendant fails to answer the complaint, as follows: 1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount demanded in the complaint."

We are dealing here simply with the question of default, therefore the nature of the said action is immaterial, although it may be said that it appears it was one to recover damages only for the wrongful levy of a writ of attachment.

It is clear, from the foregoing, that, to justify the issuance of the writ of mandate to compel the county clerk to enter said default, it must be shown by the petition herein: 1. That no answer was filed within the statutory time, "or such further time as may have been granted," and, 2, that plaintiff in the cause made application for default. It is conceded that the demurrer was an "answer" within the contemplation of said provision, and it expressly appears that a proper application was made for the entry of the default.

The only question remaining, then, is whether the demurrer filed by said Karry was undisposed of and of force and effect at the time the demand for default was made.

It is the claim of petitioner that this demurrer was no longer operative as it had been waived by means of said stipulation. The demurrer presented an issue of law (Code Civ. Proc., sec. 589), and "An issue of law must be tried by the court, unless it is referred upon consent." (Code Civ. Proc., sec. 591.) There is no statutory provision for waiving a demurrer that has been filed in a cause. To effectually dispose of it it is probable that an order of court is required sustaining or overruling it or allowing it to be withdrawn.

But, conceding that by stipulation it may be removed as a pleading in the case, is there a sufficient allegation to show such waiver?

In the first place, there is no allegation that said stipulation was executed by said defendant Karry. In that respect the averment is "there was entered into and filed in said action," etc. There should, of course, be a direct allegation that Karry

"entered into" or executed said stipulation. The waiver is the only reliance of petitioner and that, as seen, depends upon the execution of said stipulation by Karry, and, manifestly, we cannot say that the clerk refused to perform a plain duty unless it appears from the petition herein that Karry was a party to said stipulation.

Again, the purported stipulation does not appear to have been signed by A. H. Carpenter, the attorney for defendant, Karry. Assuming that the attorney for a party has authority to enter into such stipulation, it will not be claimed that it extends to the attorney's clerk. If, as a matter of fact, the clerk was authorized by Mr. Carpenter to sign the latter's name to the stipulation, there should be an allegation to that effect. In other words, it should be shown that it was the act of the attorney and not of his clerk.

We must assume that the facts disclosed to the clerk were only those exhibited here by this petition. It is too much, therefore, to demand of him that he should enter the default of a party where the latter's demurrer is on file undisposed of and unaffected except possibly by a purported stipulation simply purporting to be signed by a clerk of the attorney for said party.

But, if effect be given to said stipulation, it would at least appear doubtful whether, according to its terms, the clerk should enter the default of defendant Karry. Therein it is provided that "no default shall be taken against the defendant, A. T. Karry." As to this covenant, there is certainly no express limit as to time. Probably the parties signing the paper intended to provide that no default would be taken prior to September 16, 1913, but if so it should have been more clearly expressed, and it is not an unreasonable construction that, in view of the waiver of the demurrer, no default was to be taken, although there was no express agreement to extend the time to answer beyond September 15, 1913.

We cannot say, therefore, that the entry of a default by the clerk was a duty enjoined upon him by law, and the demurrer to the petition is sustained and the petitioner will be allowed ten days in which to file an amended petition.

Chipman, P. J., and Hart, J., concurred.